

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00125-CR

_____

KENDRELL DEJUAN BOWEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2024-C-002

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Kendrell Dejuan Bowen entered an open plea of guilty to sexual assault of a child.  After a punishment hearing, the trial court sentenced Bowen to twenty years' imprisonment.  On appeal, Bowen argues that (1) there was insufficient evidence to support the trial court's finding of guilt and (2) the trial court erred by failing to provide statutory admonishments before accepting Bowen's plea of guilt.  Because we agree that the evidence was not sufficient to support a finding of guilt, we sustain Bowen's first point of error.[1]  Consequently, we reverse the trial court's judgment and remand the matter for a new trial.

## I.        Factual and Procedural Background

In its two-paragraph amended indictment, the State alleged that Bowen (1) "intentionally and knowingly cause[d] the penetration of the sexual organ of J.W., a child who was younger than [seventeen] years of age, by the defendant's sexual organ" and (2) "[i]ntentionally and knowingly cause[d] the sexual organ of J.W., a child who was younger than [seventeen] years of age, to contact the mouth of the defendant."

During a pretrial conference, Bowen indicated his desire to waive a jury trial and have the trial judge determine the question of his guilt or innocence. At a May 8, 2025, pretrial hearing, Bowen's counsel said, "my intent is to have a plea of guilty and a hearing in front of the Court at a later date for the Court to impose sentence based upon the presentence [investigation report] and any testimony that is given by the State and [Bowen] at that time."

---

[1]As a result of our disposition on Bowen's first point of error, we need not reach his second point.

The appellate record shows that there is no plea paperwork or written admonishments involved in this case. Even so, on July 24, 2025, Bowen signed a document "freely and voluntarily waiv[ing] his right to a jury trial . . . and enter[ing] a plea of guilty to the amended indictment." Also, on July 24, the trial court heard Bowen's plea, without providing any admonishments as to the range of punishment.

At the hearing on guilt/innocence, the trial court read both paragraphs of the State's amended indictment and asked Bowen, "Sir, at this time can you enter a plea of guilty or not guilty?" Bowen responded simply by stating the word, "Guilty." Immediately after, the trial court accepted Bowen's plea. Because Bowen's presentence investigation report (PSI) had not been done, the trial court rescheduled the punishment hearing for another date. The State called no witnesses, and the only exhibit offered during the hearing on guilt/innocence was the State's amended indictment.

The sentencing hearing took place on August 21, 2025, after Bowen's PSI was completed. Even though the trial court had already accepted Bowen's plea of guilty on both paragraphs of the State's amended indictment, the trial court clarified "for the record" that Bowen had only pled guilty to paragraph two of the State's amended indictment. The trial court then proceeded to sentencing, indicating that it had received the PSI and "an incident report that was kind of supplemented later." Neither the PSI nor the incident report was admitted into evidence, although the trial court made clear that it had looked at both documents in determining

3

its sentence.[2]  After the sentencing hearing, the trial court noted that it had "previously" accepted Bowen's plea of guilty and was sentencing him to twenty years' imprisonment.

## II.     No Evidence Supports Bowen's Guilty Plea

In his first point of error, Bowen argues that insufficient evidence supports the trial court's finding of guilt.  We agree.

### A.     Standard of Review and Applicable Law

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce evidence demonstrating the defendant's guilt.  TEX. CODE CRIM. PROC. ANN. art. 1.15.  "No trial court is authorized to render a conviction in a felony case, consistent with Article 1.15, based upon a plea of guilty 'without sufficient evidence to support the same.'"  *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15).  Although the State must introduce evidence demonstrating the defendant's guilt, it is not required to prove his guilt beyond a reasonable doubt.  *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.) (citing *Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (orig. proceeding)).  However, the supporting evidence must show every essential element of the charged offense.  *Id.* (citing *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996)).  Consequently, we are "required to determine 'whether the evidence embraces each essential element of the offense charged.'"  *Flores-Alonzo v. State*, 460 S.W.3d 197, 203 (Tex.

---

[2]Because there was no plea paperwork in this case, the State introduced its discovery log during sentencing.  Even so, the appellate record does not show that Bowen stipulated to the evidence against him or that he waived his right to confrontation.

App.—Texarkana 2015, no pet.) (quoting *Rohr v. State*, No. 08-12-00219-CR, 2014 WL 4438828, at *2 (Tex. App.—El Paso Sept. 10, 2014, no pet.) (not designated for publication)).

"The failure to comply with [Article 1.15] does not constitute a federal constitutional violation." *Baggett v. State*, 342 S.W.3d 172, 175 (Tex. App.—Texarkana 2011, no pet.) (citing *Bender v. State*, 758 S.W.2d 278, 280–81 (Tex. Crim. App. 1988)). So, "[e]videntiary insufficiency to support a guilty plea is trial error that does not result in acquittal." *Id.* (citing *Bender*, 758 S.W.2d at 280–81). Rather, if we find the trial court erred, we must determine whether the error was harmless under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *Id.* at 176; *see* TEX. R. APP. P. 44.2(b).

**B.      Analysis**

A guilty plea, even if taken "under oath, does not constitute a judicial confession because the defendant is merely entering a plea, 'not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea.'" *Baggett*, 342 S.W.3d at 174 (quoting *Menefee*, 287 S.W.3d at 13, 15). Here, at a minimum, the State was required to prove that Bowen intentionally or knowingly caused the sexual organ of J.W., a child who was younger than seventeen years of age, to contact the mouth of Bowen. Because the State did not introduce any evidence to substantiate Bowen's guilt, an Article 1.15 violation is established. *See id.*; *Menefee*, 287 S.W.3d at 14 ("A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error.").

Even so, "[p]ursuant to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's substantial rights must be disregarded."

5

*Baggett*, 342 S.W.3d at 176 (quoting *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 44.2(b))). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the [fact-finder's] verdict." *Id.* (alteration in original) (quoting *Haley*, 173 S.W.3d at 518). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as [a] whole, has fair assurance that the error did not influence the [fact-finder], or had but a slight effect." *Id.* (alterations in original) (quoting *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998)).

Our examination of the record shows that there is no evidence to substantiate Bowen's plea of guilt. Although the trial court had Bowen's PSI and the incident report, they were not admitted into evidence and are, therefore, not in the appellate record.[3] As a result, nothing beyond Bowen's plea shows that he caused the sexual organ of J.W. to contact his mouth. Consequently, there was no independent evidence of an essential element of the charged offense. We, therefore, find that Bowen's substantial rights were affected.[4] Having found harmful error, we sustain Bowen's first issue.

---

[3] Our independent efforts to supplement the record have simply confirmed that the PSI and incident report are not in the appellate record.

[4] "[W]here the defendant enters a plea of guilty to the court . . . the [S]tate is required to introduce evidence showing the guilt of the defendant, and if the [S]tate fails in this respect the defendant is entitled to a new trial." *Baggett*, 342 S.W.3d at 176 (first alteration in original) (quoting *Spivey v. State*, 143 S.W.2d 386, 387 (Tex. Crim. App. 1940)).

## III.    Conclusion

We reverse the trial court's judgment and remand the case for a new trial.


Charles van Cleef
Justice

Date Submitted:    May 8, 2026
Date Decided:      May 11, 2026

Do Not Publish